UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

Vincent P. Di Masi, et al.,

    Plaintiffs,

v.

Selene Finance LP, et al.,

    Defendants.

---

ORDER DENYING PLAINTIFFS' REQUEST FOR
PRELIMINARY INJUNCTION (23) AND TEMPORARY RESTRAINING ORDER (39)

The court has reviewed the following: Plaintiff's complaint (1); plaintiff's Motion for Injunction (2) Plaintiff's request for Preliminary Injunction (23); Plaintiff's request for a Temporary Restraining Order (39). Each of these pleadings seek essentially the same relief – an order from this court which would prevent the foreclosure action in the State Court from proceeding any further. The court has also reviewed various defendants' motions to dismiss and memorandum in support thereof (27)(31)(36)(37). The court has reviewed defendant Selene Finance LP's objection to the plaintiff's motion for a Preliminary Injunction (42). Finally, the court has reviewed the plaintiff's opposition to the motion to dismiss. All of these pleadings are relevant to the question of whether this court should grant preliminary injunctive relief under the standards for doing so.

The court does not herein determine whether the court is constrained from granting the relief requested by virtue of either the *Rooker-Feldman* or the *Younger* abstention doctrine, though acknowledges that each may well be applicable under these circumstances. *see,* McKithen v.

Brown, *481 F.3d 89, 97-98* (2d Cir. 2007); *Younger v. Harris,* 401 U.S. 37, 44 (1971). Nor does the court decide herein whether the court should appropriately abstain from exercising its jurisdiction in order to grant the relief requested by the *Colorado Water* abstention doctrine. *See, Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976), though again, acknowledging that its application may counsel against the exercise of jurisdiction in this matter. These issues will be adjudicated in due course.

The plaintiffs' request for a temporary restraining order or preliminary injunction is DENIED, because even assuming, arguendo, that these doctrine did not bar the court from granting such relief, the plaintiffs have utterly failed to even allege facts which would support the standard for granting such relief.

> "Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, which are 'never awarded as of right,' or 'as a routine matter.' " *Whitfield v. Lopez*, No. 15-CV-4827 (DLI) (LB), 2015 WL 6128866, at *2 (E.D.N.Y. Oct. 16, 2015) (citations omitted). "In the Second Circuit, where a party seeks preliminary injunctive relief ... courts apply the four-factor test set forth by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)." *Mrs. U.S. Nat. Pageant, Inc. v. Miss U.S. Org., LLC*, 875 F.Supp.2d 211, 226 (W.D.N.Y. 2012). Under this test,
>
>> a district court must determine that a plaintiff has shown: (1) a likelihood of success on the merits; (2) that absent an injunction [the p]laintiff is likely to suffer irreparable injury that cannot be remedied with monetary damages; (3) that the balance of hardships tips in favor of [the p]laintiff; and (4) that "the public interest would not be disserved" by the issuance of an injunction.
>
> ...
>
> Furthermore, this four-part test is also applied by courts in reviewing a request for a temporary restraining order because, "[i]n the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction." *Wik v. City of Rochester*, No. 07-CV-6541-CJS, 2008 WL 11251593, at *1 (W.D.N.Y. Nov. 6, 2008); ... *see also Comprehensive Cmty. Dev. Corp. v. Sebelius*, No. 12 Civ. 0776 (PAE), 2012 WL 738185, at *5 (S.D.N.Y. Mar. 7, 2012) ("[A] plaintiff seeking a temporary restraining order 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

> preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " (citation omitted) ).

*Rush v. Hillside Buffalo, LLC,* 314 F. Supp. 3d 477, 483–84 (W.D.N.Y. 2018).

Plaintiffs' motions contain only bare conclusions as to the issue of irreparable harm. They simply rely on the allegations in their complaint to satisfy the criteria for the relief sought. They did not file any memorandum of law in support of either motion as required under Local Rule 7(a)(1). Indeed, this failure may be deemed sufficient basis upon which to deny the relief requested. *Id.* In short, without citation to any authority, plaintiffs ask this court to summarily block the State court foreclosure action.

Plaintiffs offer no compelling reason for this court to take such an extraordinary step. In addition, it is clear they have remedies available to them in the State court foreclosure proceedings which they continue to pursue. Moreover, they have not demonstrated likely success on the merits because the defenses raised by the defendants: the doctrine of *res judicata,* the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, the *Colorado Water* abstention doctrine are, in this courts view, individually or in tandem, likely to defeat many of the plaintiffs' claims on their merits. Finally, the plaintiffs have not identified any public interest served by such a drastic intervention by this court. The court further notes that Title 28, U.S.C. §2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." While the plaintiffs seek to enjoin the defendants from proceeding with the foreclosure, insofar as the foreclosure has already gone to

judgment, the effect of such an injunction could, though it is not certain, serve to effectively enjoin the state court.[1]

For the foregoing reasons, the plaintiffs' Request for Preliminary Injunction (23) and Request for Temporary Restraining Order (39) are DENIED.

_____/s/_____
Kari A. Dooley, USDJ

---

[1] It is worth noting that the Law Day in the foreclosure file is October 16, 2018. Notwithstanding any of the above, it is not clear to this court, and the plaintiff has not demonstrated, that granting the relief he seeks would effect in any manner the running of the law day set by the Superior Court.