UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT P. DI MASI, et al., | ) | 3:18-CV-01130 (KAD) |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| G.M.A.C. MORTGAGE CO., et al., | ) | |
| *Defendants*. | ) | December 11, 2019 |

**MEMORANDUM AND ORDER RE: DEFENDANTS' MOTIONS TO DISMISS [ECF NOS. 27, 31, 36, 69]**

Kari A. Dooley, United States District Judge:

**Preliminary Statement of the Case**

Plaintiffs, Vincent P. Di Masi and Jodi B. Rappaport, proceeding *pro se*, bring this action against Ditech Financial LLC F/K/A Green Tree Servicing LLC (hereinafter "Green Tree")[1], Fay Servicing, LLC ("Fay"), Christina Trust (as Trustee of ARLP Trust 2) ("Christina Trust"), Ocwen Loan Servicing, LLC ("Ocwen"), Selene Finance LP and U.S. Bank National Association (as Trustee of BlueWater Investment Trust 2017-1) (together, the "Selene Defendants"). The Plaintiffs purport to allege both common law and statutory claims arising from the origination of, servicing of and foreclosure upon a mortgage and Note on property owned by them. (ECF No. 1). Each Defendant filed a motion to dismiss the Complaint contending generally that this Court lacks jurisdiction to hear or adjudicate Plaintiffs' claims, that Plaintiffs fail to state claims upon which relief can be granted, or both.[2] (ECF Nos. 27, 31, 36, 69). Plaintiffs filed a single opposition (ECF No. 40), addressed to the motion filed by the Selene Defendants (ECF No. 31), the motion filed by Fay and Christiana Trust (ECF No. 27) and the motion filed by Green Tree (ECF No. 36). The

---

[1] Ditech Financial LLC was substituted as a defendant in lieu of Green Tree Servicing LLC. (ECF No. 53). Green Tree Servicing LLC is the defendant named in the Complaint and so appears in the parties' briefing.
[2] Individual defendants also assert additional bases upon which the Court should dismiss the Complaint. As discussed *infra.*, the Court does not reach those arguments.

1

Plaintiffs did not respond to the motion filed by Ocwen (ECF No. 69). For the reasons discussed below, the Defendants' Motions are **GRANTED**.

**Allegations**

The Plaintiffs' Complaint is largely devoid of factual allegations, making it difficult to assess the validity of some of the various Defendants' claims. The substantive allegations purportedly giving rise to the Defendants' liability, appear at paragraphs fourteen through twenty-four, eleven paragraphs which appear to span a 12-year time period. In paragraph nineteen, the Plaintiffs list claims which they purport to bring against the Defendants, to include: "fraud, emotional distress, rescission of a legally executed contract and violations of T.I.L.A., H.O.E.P.A. and R.E.S.P.A." (ECF No. 1). In paragraph 20, in addition, the Plaintiffs assert "a right of action for relief under Connecticut State law C.U.T.P.A. and Connecticut tort law[3] and C.C.C.P.A." (*Id.*). The Complaint does not distinguish between Defendants or provide any specific factual allegations which might reveal the basis for each of these causes of action. It is clear however that the events giving rise to the Complaint began with the origination of the Note and mortgage on the Plaintiffs' property, the servicing of that loan by the various Defendants over time and ultimately the foreclosure which resulted in a judgment of strict foreclosure.[4] The Court sets forth below the allegations which do appear in the Complaint.

Plaintiffs entered into a mortgage agreement on December 20, 2006 with GMAC Mortgage, LLC regarding the property located at 1 Charcoal Hill Road, Westport, CT 06880. (*Id.* at pgs. 16–34). Since 2008, Plaintiffs allege that the mortgage has been assigned to and serviced by various entities, collectively referred to in the Complaint as "the Defendants." (*Id.* ¶ 16). During

---

[3] The Complaint does not identify any specific tort under Connecticut law.
[4] In the opposition to the motions to dismiss, the Plaintiffs provide additional facts, which though not contained in the Complaint, confirm the Court's reading of the Complaint. (*See* ECF No. 40).

this time, Plaintiffs allege, "none of the defendants adjusted, modified or even considered helping because the common response was 'You're not under water', despite that the original mortgage states that even though the loan may be sold the 'obligations of the lender will be assumed by the note purchaser'." (*Id.*). With respect to the alleged servicing agents, referred to as, "Greentree, Ocwen, Fay and Selene," Plaintiffs allege that "they all wanted a financial affidavit and a good faith payment, however not a single manager could give an exact payoff amount. So the plaintiffs could market their home to retain some equity . . . [The servicing agents would call Plaintiffs] to harass for more payments and paperwork, but still not a single person called with a payoff. Even the payments made were never applied to the principal balance." (*Id.* ¶¶ 17–18). According to the Plaintiffs, "each and every Defendant's account manager is asking for financials and affidavits for the sole purpose of finding out how much the Plaintiffs have available and are willing to offer to the Defendants to stop the harassing phone calls, not to help cure the problems for the plaintiffs." (*Id.* ¶ 21).

Significant to the motions to dismiss, Plaintiffs ask this Court to: (1) "quiet title in Plaintiff's property to Plaintiff;" (*Id.* ¶ 19); (2) enter an "immediate Injunction against all Defendants not to move forward with a foreclosure as it would cause irreparable harm to the Plaintiffs;" (*Id.* ¶ 24); and (3) order an accounting of sorts—"have each of the Defendants . . . itemize the amounts owed at the time they were servicing the Plaintiff's mortgage. Also amounts paid, and where posted, and if possible with the Courts permission the amounts purchased for, and why Plaintiffs didn't have first rights of refusal as the plaintiffs may have been in a position to remortgage their home with a lower rate and principal balance." (*Id.* ¶ 23).[5]

**Standard of Review**

---

[5] The Plaintiffs also seek monetary damages. (ECF No. 1 at p. 8).

3

**Rule 12(b)(1)**

Several of the Defendants assert that the Court is without subject matter jurisdiction to hear Plaintiffs' claims.

Federal district courts are courts of limited jurisdiction under Article III, Section 2 of the United States Constitution. *See, e.g., Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940), *reh'g denied*, 309 U.S. 695 (1940). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the Court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The question of subject matter jurisdiction is so fundamental that the Court must raise the issue *sua sponte*, even when the issue is not identified or raised by the parties. *See Mansfield, Coldwater & Lake Michigan Rwy. Co. v. Swan*, 111 U.S. 379, 382 (1884); *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007).

**Rule 12(b)(6)/Rule 8**

The Defendants also each assert that the Complaint should be dismissed for failure to state a claim upon which relief might be granted.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. In fact, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will a complaint that consists of "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Nevertheless, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the nonmovant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010). In doing so, the Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . ." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

Mindful of the Plaintiffs' *pro se* status, the Court liberally construes the Complaint to raise the strongest arguments it may suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Still, the factual allegations within Plaintiffs' Complaint must meet the plausibility standard. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

In addition, a Complaint must meet the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The "principal function" of the pleading requirements embodied in Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When a complaint

does not comply with Rule 8's requirements, "the court has the power, on its own initiative . . . to dismiss the complaint." *Id*. "The key to Rule 8(a)'s requirements is whether adequate notice is given." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "[F]air notice [is] that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Id.* (internal quotation marks omitted). Rule 8 requires a plaintiff to "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to ***know whether there is a legal basis for recovery***.'" *Kittay v. Kornstein*, 230 F. 3d 531, 541 (2d Cir. 2000) (emphasis added) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). For these reasons, dismissal can be appropriate when a complaint is so "confusing as to 'overwhelm the defendants' ability to understand or to mount a defense.'" *Warner Bros. Entm't Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 269 (S.D.N.Y. 2007) (quoting *Wynder*, 360 F.3d at 80).

**Discussion**

As indicated, the Defendants assert that this Court lacks subject matter jurisdiction over Plaintiffs' claims or, in the alternative, that Plaintiffs fail to state claims upon which relief can be granted.

As a preliminary matter, the Court takes judicial notice of the foreclosure proceeding pending in the superior court, *U.S. Bank National Association, As Trustee for Server v. DiMasi, Vincent, et al*, No. FST-CV11-6009541-S (Conn. Super. Ct. filed May 13, 2011), regarding the property located at 1 Charcoal Hill Road, Westport, CT 06880. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)) (the court "may take judicial notice of [documents] filed in another

court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'").

### *Rooker-Feldman* Doctrine

When a federal action follows a state action, the federal action may, under certain circumstances, be prohibited by what has become known as the *Rooker-Feldman* doctrine. *See* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 4469.1 (2018). The *Rooker-Feldman* doctrine derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Together, those cases "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments . . ." *Hoblock v. Albany City. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The *Rooker-Feldman* doctrine emerged in response to complaints that "invited federal courts of first instance to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. "Since federal district courts are granted original—and not appellate—jurisdiction, cases that function as *de facto* appeals of state-court judgments are therefore jurisdictionally barred." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018).

The doctrine has been applied "frequently in the foreclosure process." *Id.* at 645; *see, e.g.*, *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (plaintiff claimed that his foreclosure judgment was obtained via fraud and in error; claim barred by *Rooker-Feldman*

as it would require "the federal court to review the state proceeding and determine that the foreclosure judgment was issued in error"); *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (same). "[I]n order for a court to be deprived of jurisdiction under the *Rooker-Feldman* doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho*, 910 F.3d at 645 (citing *Hoblock*, 422 F.3d at 85).

Here, to the extent Plaintiffs seek relief from the Connecticut Superior Court's judgment of strict foreclosure regarding the property located at 1 Charcoal Hill Road, Westport, CT 06880 ("state-court foreclosure judgment"), all four requirements are satisfied. First, Plaintiffs lost in state court by virtue of the state-court foreclosure judgment entered against Plaintiffs on April 9, 2012. *See U.S. Bank National Association, As Trustee for Server v. DiMasi, Vincent, et al*, No. FST-CV11-6009541-S (Conn. Super. Ct. filed May 13, 2011). The second requirement is also satisfied. Plaintiffs allege in their Complaint that moving forward with the state-court foreclosure judgment would "cause irreparable harm to the Plaintiffs and unjustly enrich the Defendant." (ECF No. 1 ¶ 24). The third requirement is similarly satisfied as the Plaintiffs ask this Court to "quiet title in Plaintiff's property to Plaintiff . . ." (*Id.* ¶ 19) and "for an immediate Injunction against all Defendants not to move forward with a foreclosure . . ." (*Id.* ¶ 24). In order to quiet title in the property in favor of the Plaintiffs, this Court would necessarily have to review and reject the judgment of strict foreclosure. In addition, the request for an accounting appears to ask this Court to revisit the valuation determinations made by the superior court in the foreclosure action. (*See Id.* ¶ 23). Finally, the state-court foreclosure judgment, originally entered on April 9, 2012,

predates the July 9, 2018 filing of Plaintiffs' Complaint by over six years.[6] With all four requirements of the *Rooker-Feldman* doctrine satisfied, this Court does not have subject matter jurisdiction over the Plaintiffs' claims to the extent Plaintiffs seek relief from the state-court foreclosure judgment. Accordingly, the Motions to Dismiss are GRANTED with prejudice as to all claims that seek relief from the state-court foreclosure judgment.

**Rule 12(b)(6)/Rule 8**

As discussed above, complaints that merely offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . [or] 'naked assertion[s]' devoid of 'further factual enhancement'" are subject to dismissal pursuant to Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). And Rule 8 requires the plaintiff to "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to **know whether there is a legal basis for recovery**.'" *Kittay*, 230 F. 3d at 541 (emphasis added) (quoting *Ricciuti*, 941 F.2d at 123). The Complaint fails in both regards.

Whether the Plaintiffs assert claims independent of those arising out of or caused by the state-court foreclosure judgment is unclear. The Plaintiffs assert that they seek money damages for violations of several statutes, but they do not set forth any factual basis or theory of liability for which damages might be awarded pursuant to those statutes.[7] In addition, the Complaint does not distinguish between the Defendants or specify in any manner the means by which each Defendant

---

[6] The Court is aware that there has been additional post-judgment litigation in the foreclosure action to include bankruptcy stays and the re-opening of the judgment for the limited purpose of resetting the law day. These ongoing proceedings do not impact the satisfaction of the fourth *Rooker-Feldman* requirement.

[7] It would be an unnecessary exercise for this Court to set forth all of the elements of all of the listed causes of action for purposes of analyzing the sufficiency of the pleading pursuant to Rule 8 and the standards for dismissal under Rule 12(b)(6). The paucity of specific factual allegations renders the Complaint subject to dismissal regardless of the nature and number of the claims purportedly asserted. Similarly, due to the paucity of allegations, the Court is unable to address various of the arguments asserted by the Defendants. Without any understanding as to the nature of the claims and the factual basis therefore, the Court cannot address such arguments as *res judicata* or the statute of limitations. Nothing herein precludes the Defendants from re-asserting these defenses in the event the Plaintiffs file an Amended Complaint.

is liable to the Plaintiffs. Plaintiffs neither provide dates as to when the alleged misconduct occurred nor specify the type of misconduct engaged in by each Defendant. In sum, Plaintiffs' conclusory and vague allegations do not give Defendants fair notice as to the nature of Plaintiffs' claims and the Complaint therefore fails to adequately set forth a claim for which relief may be granted. Accordingly, the Complaint is dismissed on this basis as well. *See, e.g. Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (citing *Ferro v. Ry. Exp. Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)) (affirming district court's dismissal of complaint because it "[lumped] all the defendants together in each claim and [provided] no factual basis to distinguish their conduct . . .").

However, the dismissal is **without prejudice** with respect to claims which do not implicate this Court's subject matter jurisdiction under *Rooker-Feldman*. The Plaintiffs may file an Amended Complaint, on or before January 6, 2020, if they seek to assert claims that do not require review and rejection of the state court foreclosure judgment. Any Amended Complaint filed must comply with Rule 8 as set forth above, must assert the factual basis for each claim as against each Defendant and must put the Defendants on fair notice of the claims against them.

For all of the foregoing reasons and subject to the Plaintiffs' right to replead certain claims, the Defendants' Motions to Dismiss are GRANTED. If an Amended Complaint is not filed on or before January 6, 2020, the Clerk of the Court is directed to enter judgment for the Defendants and close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of December 2019.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE